O'Neill Constructors, LLC versus DRT America. Good morning, your honors. May it please the court. Yeah, Mr. Downs, I wanted to make sure we had everybody, but yes, you may begin. Thank you. Thank you, your honors. Patrick Downs, Counsel for Appellant, DRT America, LLC. You know, regardless of any disfavor involved in disturbing arbitration awards, our Supreme Court has repeatedly advised and guided that the court has to enforce the agreement as made by the parties. Yeah, here it seems to me, let's get to the chase. Yeah. Federal Rule of Civil Procedure says that service of a written notice can be made by sending it by electronic means that the person can send it to in writing. So it comes down to where's the consent here? And it seems to me that you can't find it in the arbitration agreement. You find it in the arbitration rules. No, in the way, or in the arbitration rules, either the arbitration rules say that there's, that by participating in that arbitration under those rules, you agree to delivery by handmail and personal service. And then there's a separate provision about electronic service, but it's only for notices that are required by that arbitration rule regime. Isn't that right? Yes, but one of those arbitration rule regimes are papers. It's that broad. Papers filed in connection with commencing, or I wanna get the exact language, but basically continuing an arbitration. So the AAA wants to encourage folks to have ease of service. If there's- But this wasn't continuing an arbitration. Yes, it was, Your Honor. No, it was trying to vacate. And remand, repeatedly. That we don't want the order just thrown out, we go away. And that's what distinguishes the case that was filed yesterday by- Here's what 44B says. 44B says, the arbitration rule says that you can use electronic email to give the notices required by these rules. Right. And those- This isn't a notice that's required by these rules? Well, by these rules is referring to the notices in A, under plain interpretation. And that's any papers, notices, or processes are proper for the initiation or continuation of an arbitration under these rules. So that's what the parties have bought into. And folks can't pick and choose, and that's what the Supreme Court- This notice is required by the Arbitration Act. And these rules, because we want more, we want the hearing to continue. That's what the relief is in the application. That's what the relief is in the memorandum. That's what the relief is in the reply brief. And it is not just a motion to vacate, it's a motion to vacate- You don't want the arbitration continued, right? You want the arbitration award vacated. And continued, because they didn't- The merits of the argument, as pled, on why we wanted to continue. And I can, before we go on, I'm just going to refer the court where in the record. Yeah, in the record at 292, at 312, and 1203. So the application, the memorandum, and the reply, we're all asking for a remand to have the arbitration continue. And the reason is- Well, but what you're doing is filing a motion to vacate, and the arbitration rules don't specify the motion to vacate, do they? The arbitration rules specify a notice, or in terms of what's- The answer to my question is no, they don't say the word vacate. They don't say- They don't say vacate, but they do say continuation. Yes, but there's a more specific mention of motion to vacate, is there not? There's not a more specific mention- How about section 12 of the FAA? Notice of a motion to vacate must be served upon the adverse party or his attorney. And then to look for what served means, under the statute, you'd go to the civil rules, do you not? You do, and that is a slightly- Because section 12 says such service shall be made upon the adverse party or his attorney as prescribed by law for service of the notion of a motion and an action in the same tort. And the motion to vacate was not filed in the arbitration proceeding. It was filed in the court. That's right, and- And section 12 says you have to file the service rules that are required in that court, or motion to vacate. That's right, Your Honor, and I wanna make clear that the parties agreed to allow electronic service for court papers, because 44A says any papers, notices for the initiation or continuation. And we are wanting- All right, so this isn't an action, this isn't an action to initiate the arbitration, you agree? It is not, it is an action to continue it. Yeah, nor is it, and so you're hanging it all on the continuation of the arbitration, when in fact, what has happened is the arbitration's ended and there's been an award, and now the effort is to vacate it and start over, not to continue it. Not to start over, that's why we styled it vacate in parts. There was, and so the court would, unfortunately this gets into the merits, but there was an interim award, that was fine. Then the attorney fee issue came up, and the arbitrators refused to hear evidence and arguments on that. The arbitrators also refused to hear our affirmative claim for relief. So there was no proceeding on our claim for relief, and that is a separate basis. And this is why the trial- We have a final decision from the arbitrators, right? And that's the problem, because our relief was not addressed. They refused to hear our relief, that's the problem with this arbitration. That's why we wanna have a hearing on the merits. And in terms of complying, you know, Judge Karn's question on complying with the rules of civil procedure, we've done that. The local Northern District, Georgia local rule 7.1 doesn't require a notice of motion to be filed. It requires a motion. And the advisory committee notes to the federal rule of civil procedure requires that consent must be expressed and cannot be implied from conduct, right? So you have, your argument depends on continuation being an express consent to service of email about a notice that's required by the Arbitration Act and nowhere mentioned in the arbitration rules to vacate an arbitration award. Your Honor, that's the same argument that was rejected by the majority in the Voight case by the Supreme Court. In that case, there was a AIA contract and it specified California law as the arbitration rules, period. One of the parties didn't like a statute in California. And the dissent said, because they didn't specifically agree to that statute, it's unfair to bind it. The majority said, no, you took the whole body of California law. Similarly here, the parties took all the AAA rules and they consented for any court action in connection therewith to continue an arbitration. Our motion to vacate in part and remand so that our affirmative relief could be heard. And so that arguments and evidence that were ignored on the attorney fee issue could be heard is a motion to continue. And parties, it's just like a party that didn't read the contract and signed it, they're stuck with it. The parties are stuck with this rule and they consented to it. The advisory committee notes on a federal rule of civil procedure seven. And the 2007 amendment says, former rule 7B1 stated that the writing requirement is fulfilled if the motion is stated in a written notice of hearing. This statement was deleted as redundant because a single written document can satisfy the writing requirements for both a motion and a rule 6BC1 notice. And what was served on O'Neill was a single document that contained the motion and the memorandum of points and authorities in one document. And O'Neill consented to that by agreeing to the AAA rules, which allowed for people to serve notices for any court action and continuation therewith electronically. I see I'm out of time. Thank you. We'll hear from Mr. Lincoln. Thank you, your honors and good morning. May it please the court. My name is Jesse Lincoln with the law firm Evershed Sutherland. I'm representing O'Neill in this matter, obviously, who is the appellee in the appeal. Your honors, you've honed in on what I wanted to focus the court's attention on this morning, which is the specific language of rule 44, the AAA rule 44, which that entire rule is the hinge on which DRT's appeal relies. It's the only argument that they have for any sort of consent to email service in this matter. And I believe as your honors have seen, it's a faulty premise on their part. I think it really stops at B because B says that they can use email for any notice required by these rules. I don't see where in the rules it requires a notice about a motion to vacate an arbitration award. Your honor, I completely agree with that. And that's been one of my primary only requirement about notice for that kind of action comes from the Arbitration Act, it seems to me. That is correct. Subsection A, which is what DRT argues at length about and whether or not a motion to vacate is encapsulated in the documents of subsection A, simply isn't relevant here because subsection A only allows for mail service or only provides consent for mail or personal service. And your honor, Chief Judge Pryor, you've pointed out the correct language in subsection B, which addresses emails that can be used with reference to notices required by the AAA rules, i.e. inherent within the rules. And there are numerous notices that are required by the AAA rules. I cataloged some of those for the court in my motion to submit the case on the briefs. But there are various requirements for either the AAA administrator or the parties to provide notices within the boundaries of the arbitration itself. And all subsection B says is that those can be given by email. Subsection B does not refer at all to service. It doesn't use the word serve anywhere. And necessarily it deals with different documents than are addressed in subsection A, which again, under subsection A can only be served by mail or by personal service. Nothing in subsection A requires a party to serve any of those documents. It's completely permissive. Subsection A says that they may be served by mail or by personal service. There's nothing mandatory at all in that section. Your Honor, there's another point that I wanted to make to the court this morning is to briefly distinguish the two, I believe the two primary cases that DRT relies on. One is a district court decision called Day and Zimmerman,  I believe. In that case, the court there, the district court essentially said that email service was okay. It appears that they did that on some sort of implied agreement standard. And that's not permissible under rule five or the advisory committee notes to rule five. And this court's holding in the Jones v. RS&H case, which adopts those rule five advisory committee notes. So to the extent Day and Zimmerman held that the email service was okay because the parties had used it throughout the underlying arbitration, respectfully, I believe that would be an incorrect decision in this circuit and under the federal rules of civil procedure. And it's a similar story for another of their cases that they cited Corinthian Colleges, which was a Northern District of Illinois case. There, the court in about, the district court in about a three line paragraph just stated that the parties had consented to email service, but there were no details provided or analysis done that lets the reader understand what the scope of that consent was or where it came from. And further, I was unable to locate anything on the docket in that case to reveal it any further. It appears based on that, that the court, again, in that Corinthian Colleges case was simply finding an implied consent that would not be permissible here. And finally, your honors, the last point I wanted to make to the court this morning has to do with the courtesy copy email itself that was sent by DRT in this case. So even if the court believed that email service was consented to and was appropriate here, the actual email itself does not contain the operative document, the motion itself that DRT filed with the court, with the district court, excuse me. DRT commenced the underlying federal court action by filing an application by motion to vacate. In the courtesy copy email that DRT counsel sent to O'Neill's arbitration counsel- They gave you the memo, right? That supported the motion, which explained, which clearly gave you notice that there was a motion and what all the arguments in support of it were. I think this is a far weaker argument for you, counsel. Okay, your honor. In that case, I'll stop talking about it. And those were the main points that I wanted to make to the court this morning. If the court has questions, I'm more than happy to address them. Otherwise, O'Neill would respectfully ask this court to deny DRT's appeal and affirm the district court's judgment on this matter. Thank you, Mr. Lincoln. Mr. Dowd, chief's saying five minutes for rebuttal. Thank you, your honor. Addressing the last point first, the memorandum contains the same relief that the application contained. In fact, the application was two pages. The memorandum was 17. The first paragraph is identical. The conclusion, I haven't done a red liner check, but I think it's identical. And the goal was to have the arbitrators reopen and consider DRT's affirmative relief, which was excluded, and some arguments that were not considered on the attorney fee issue. With respect to the consent, you know, the court's parsing of section B, the notice is required by these rules. You know, in this situation- Can you show me where in the rules it requires a notice of a motion to vacate an arbitration award? Yes. Well, it's required if you want to continue the hearing. Now that- But the rules don't require. The AAA rules for any court action in connection therewith, if you- If that allows service by hand or by mail, where's the provision in the rules that requires service of a notice of a motion to vacate that's been filed in a court? It would be in 44A. Okay. That, you know, that if you want to continue the arbitration, then, you know, pursuant to 44A, the parties are agreeing to the manner of service identified there. And, you know, in a situation where you don't like the result because they didn't hear your arguments, you're definitely required to file something. You can just lose, but that's really not much of a choice. And, you know, to, you know, to, you know, there's, putting it the other way, you know, parties are always free not to file something. There's a consequence. So, you know, I don't think, you know, the way the court is reading it is exactly fair, to be honest, because, you know, nobody's required to file something. There's a consequence if you don't. So I think when 44B is talking about the notices required by these rules, it's referring to the notices specified in 44A. And ours- You know, I start with rule five, where the consent has to be in writing, it has to be expressed. And so then I go to the writing of the arbitration rules that are incorporated by reference in the arbitration agreement, and I'm just reading what is in writing, okay? And if that's not fair, like, you know, I don't understand that. Well, I guess, you know, the difference is required by these rules, and what the court thinks, and what we think is required by these rules. And we think that a motion to vacate is required in the event that your affirmative claims for relief were not heard, and then certain arguments and evidence weren't heard at the attorney fee hearing. You know, if you don't make that motion, you're out of luck. So it is a required motion to be made, and 44A expressly talks about any court action to, you know, continue the hearing, which is exactly the relief we wanted. So, you know, with that, we will submit and ask the court to have the trial court rule on the merits, reverse rule on the merits. Okay, thank you, Mr. Downs. I think we understand your case, and we have it under submission,  Thank you, Your Honor. Thank you, Your Honors.